# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

EDWIN C. ANDREWS,  :
    Plaintiff,  :
    v.  : Civ. No. 18-1704-CFC
PERRY PHELPS, et al.,  :
    Defendants.  :

Edwin C. Andrews, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

May 20, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Edwin C. Andrews ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a). Plaintiff requests counsel. (D.I. 8, 10)

## II. BACKGROUND

Plaintiff suffers from Parkinson's disease. (D.I. 3 at ¶ 17) Named Defendants include Delaware Department of Correction ("DOC") Commissioner Perry Phelps ("Phelps"), Connections Community Support Programs ("Connections"), DOC Acting Medical Director Marc Richman ("Richman"), Dr. A. Jackson ("Dr. Jackson"), Dr. Adrian Harewood ("Dr. Harewood"), VCC Health Care Manager Matt Wofford ("Wofford"), and VCC Warden Dana Metzger ("Metzger") (incorrectly named as "Metzer"). Plaintiff alleges that the DOC and Connections, its medical contractor, "have policies, practices, and customs of not providing needed specialized medical services to incarcerated individual[s] who suffer with Parkinson's disease. (*Id.* at ¶ 1) Plaintiff alleges the policy has left him in severe pain, unable to function, and at risk for serious complications. (*Id.*)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Plaintiff began his incarceration on July 1, 2014, and alleges that the next day he was admitted to the hospital with uncontrolled head movement and tremors. (*Id.* at ¶ 19) On September 26, 2017, Plaintiff was "rushed to Jefferson Hospital . . . as a result [of] Parkinson's disease issues, resulting from lack of medications and other issues." (*Id.* at ¶ 18) On October 2, 2017, Plaintiff was "rushed . . . to Kent General Hospital . . . and the same day moved to Jefferson Hospital. (*Id.* at ¶ 18)

Plaintiff alleges that outside medical specialists have informed him that he needs to see a neuro ophthalmologist and Defendants "constantly refuse [to] provide services." (*Id.* at 20) Plaintiff alleges that none of the Defendants have the expertise needed to treat him. (*Id.* at ¶ 21) Plaintiff further alleges that all Defendants know of his serious medical needs and have intentionally delayed treatment or failed to provide treatment. (*Id.* at ¶ 24) Finally, Plaintiff alleges that Connections has a financial incentive to avoid providing him the care he requires including sending him to an outside specialist. (*Id.* at ¶ 22)

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. He also requests counsel. (D.I. 8, 10)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

2

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that

4

the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

It is clear from Plaintiff's allegations that Phelps, Richman, Wofford, and Metzger are named as defendants based upon their supervisory positions. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The complaint does not allege any direct or personal involvement by the foregoing Defendants other than in their capacities as prison administrators. Plaintiff's claims against Phelps, Richman, Wofford, and Metzger rest impermissibly upon a theory of supervisory liability.

In addition, the Complaint's allegations are conclusory, with no allegations directed to a particular Defendant. Nor does it allege a discernable time-frame other than to indicate when Plaintiff was hospitalized or describe the type of care that allegedly has been delayed or denied. The allegations indicate that Plaintiff has been taken to the hospital emergently and that he has seen outside medical specialists. As pled, the Complaint does not state claims upon which relief may be granted. Therefore, the Complaint will be dismissed pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is possible that Plaintiff may be able to plead viable claims, he will be given an opportunity to file an amended complaint.

5

## V. REQUEST FOR COUNSEL

As previously discussed, Plaintiff appears *pro se* and has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff seeks counsel on the grounds that he cannot afford counsel, the issues are complex and will require expert medical testimony, depositions will be necessary, he suffers from Parkinson's disease and continues to deteriorate, law library personnel will not prepare motions or conduct research, and an inmate is providing assistance with the case. (D.I. 8, 10)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6

investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, Plaintiff has ably represented himself to date. In addition, this case is in its early stages and currently there is not an operative pleading. Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew. (D.I. 8, 10) Should the need for counsel arise later, one can be sought at that time.

## VI.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend his complaint. Plaintiff's request for counsel will be denied without prejudice to renew. (D.I. 8, 10)

An appropriate order will be entered.