# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EDWIN C. ANDREWS,      :

   Plaintiff,       :

            :

   v.         : Civ. No. 18-1704-CFC

            :

DR. MARC RICHMAN, et al.,    :

   Defendants.     :

---

Edwin C. Andrews, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se
Plaintiff.

## MEMORANDUM OPINION

November 25, 2019
Wilmington, Delaware

*CrH J. CoH/* 

**CONNOLLY, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Edwin C. Andrews ("Plaintiff"), an inmate at the James T. Vaughn

Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42

U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

and the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 101.  (D.I. 3)  He appears *pro se*

and has been granted leave to proceed *in forma pauperis.*  (D.I. 5, D.I. 7)  The Court

screened and dismissed the original complaint and gave Plaintiff leave to amend.  (D.I.

11, D.I. 12)  Plaintiff filed an Amended Complaint on August 6, 2019.  (D.I. 15)  The

Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. §

1915(e)(2)(b) and § 1915A(a).

## II.    BACKGROUND

Plaintiff suffers from Parkinson's disease and several other medical issues.  (D.I.

15 at ¶ 3)  Named Defendants include Dr. Marc Richman ("Richman"), JTVCC Warden

Dana Metzger ("Metzger") (incorrectly named as "Metzer"), Dr. Adrian Harewood ("Dr.

Harewood"), Connections Community Support Programs ("Connections"), and JTVCC

Health Care Manager Matt Wofford ("Wofford").  Plaintiff brings this action against

Defendants for their "policies for inmates, practices, and customs of not providing

needed specialized medical services to incarcerated individual[s] who suffer with

Parkinson's disease."  (*Id.* at ¶ 1)  Plaintiff alleges the policy has left him in severe pain,

unable to function, and at risk for serious complications.  (*Id.*)

Plaintiff alleges that he was "rushed" to Jefferson Hospital on September 26,

2017, with major Parkinson's disease issues resulting from lack of medication that was

constantly permitted to expire.  (*Id.* at ¶ 10).  On October 2, 2017, he was taken to the

emergency room at Kent General Hospital due to Parkinson's disease issues and on the same day transferred to Jefferson Hospital in Philadelphia. (*Id.*).

Plaintiff alleges that outside medical providers have constantly written orders for him to see an eye specialist and neuro-ophthalmologist and when each defendant was informed of the order, the specialist's prescriptions were ignored. (*Id.* at ¶ 11) Plaintiff alleges Defendants continue to manifest deliberate indifference by intentionally denying and delaying access to treatment ordered by various specialists and by failing to address ADA violations. (*Id.* at ¶ 15) Plaintiff alleges that his bed lacks railings or pull-up bars which enable transfers from the bed to a wheelchair causing falls during transitions from the bed to a wheelchair. (*Id.* at ¶ 16)

Plaintiff alleges that Drs. Richman and Harwood lack the expertise needed to treat Parkinson's disease. (*Id.* at ¶ 12) Plaintiff alleges that Connections constantly delays paying outside specialists and on several occasions bills have been sent to Plaintiff. (*Id.* at ¶ 13) Plaintiff alleges Defendants are aware of policies that were hampering his receipt of needed medical treatment and that Defendants are fully aware they were in constant violation of the ADA and Plaintiff's Eighth and Fourteenth Amendment rights. (*Id.* at ¶ 14) He also alleges that existing practices and policies by each defendant have contributed, and continue to contribute, to their deliberate indifference to Plaintiff's serious medical needs. (*Id.* at ¶ 19)

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and requests counsel. (*Id.* at prayer for relief)

III.    **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

2

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

3

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine

4

whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is clear from Plaintiff's allegations that Richman, Wofford, and Metzger are named as defendants based upon their supervisory positions. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The Amended Complaint does not allege any direct or personal involvement by the foregoing Defendants other than in their capacities as prison administrators. Plaintiff's claims against Richman, Wofford, and Metzger rest impermissibly upon a theory of supervisory liability.

In addition, the Amended Complaint's allegations are conclusory, with no allegations directed to a particular Defendant other than to refer "each of the defendants." The Amended Complaint refers to two occasions in 2017 when Plaintiff

5

was taken to the hospital. (*See* D.I. 15 at ¶ 10)  The allegations indicate that Plaintiff received medical care, not that any individual was deliberately indifferent to Plaintiff's medical needs.  The Amended Complaint does not provide discernable time-frames when care was allegedly delayed or denied.  Also, the Amended Complaint refers to the lack of railing or pull-up bars but does indicate who is allegedly responsible for failure to provide either to Plaintiff.  Finally, the Amended Complaint refers to "policies" that Defendants were allegedly aware of but there is no description of the policies that Plaintiff believes violated his constitutional rights.

The Amended Complaint invokes both the ADA and the Rehab Act.  To state a claim under Title II of the ADA, Plaintiff must allege that "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Kokinda v. Pennsylvania Dep't of Corr.*, No. 17-3166, 2019 WL 2576391, at *4 (3d Cir. June 24, 2019) (quoting *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018)).  The same standards govern claims pursuant to Section 504 of the Rehab Act. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012) (citing *McDonald v. Commonwealth of Pa., Dep't of Pub. Welfare, Polk Ctr.*, 62 F.3d 92, 94-95 (3d Cir. 1995)) ("Congress made clear its intention that identical standards were to be applied to both Acts. . . . Whether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same").

While the Amended Complaint alleges that Plaintiff suffers from various medical conditions, including Parkinson's disease, it does not allege that Plaintiff has a disability

or that he was excluded from a DOC program or service because of a disability. The ADA and Rehab Act claims are deficiently pled and will be dismissed as frivolous and for failure to state claims upon which relief may be granted.

As pled, the Amended Complaint does not state claims upon which relief may be granted. Therefore, the Amended Complaint will be dismissed as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is possible that Plaintiff may be able to plead cognizable claims, he will be given a final opportunity to cure his pleading defects.

## V.    CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given one final opportunity to amend to cure his pleading defects.

An appropriate order will be entered.